IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–00917–REB–KMT


DENVER URBAN HOMESTEADING, LLC,

      Plaintiff,

v.

DERVAES INSTITUTE,
JULES DERVAES, and
MIGNON RUBIO DERVAES,

      Defendants.

---

**ORDER**

---

      This matter is before the court on "Plaintiff Denver Urban Homesteading, LLC's

Motion to Compel Defendants to Respond to Discovery" [Doc. No. 26] ("Mot.") filed November

1, 2013.   Defendants filed their Response on November 22, 2013 [Doc. No. 29] ("Resp.") and

Plaintiff replied on December 3, 2013 [Doc. No. 33] ("Reply").

      Originally, Plaintiff sought production of "a copy of the complaint made to Facebook (or

acknowledgment of such complaint by Facebook) about Plaintiff's Facebook page that induced

Facebook to disable Plaintiff's page" (Mot. at 1-2) and copies of deposition transcripts of Jules

Dervaes, Mignon Rubio Dervaes and three of their adult children which were taken in May 2012 in

a proceeding before the Trademark Trial and Appeal Board (TTAB) of the U.S. Patent and

Trademark Office (PTO).   (Mot. at 5.)   Related to the second issue, Plaintiff also requested that

Defendants remove confidentiality designations placed on documents produced in the TTAB matter which are now being produced by the Defendants as discovery in this case.   The motion was narrowed when Plaintiff advised in its Reply that it had received a copy of the Facebook complaint through its direct subpoena to Facebook.   (Reply, Ex. 1.)   Therefore, the only remaining disputed discovery involves the defendant depositions taken in the TTAB case and the production of documents which contain confidentiality designations from the TTAB case.

Plaintiff, represented by attorney James Bertini who is also the owner of Plaintiff Denver Urban Homesteading, LLC, is also a party to the proceedings before the TTAB.   Neither party herein disputes that Mr. Bertini had the opportunity to attend each of the questioned depositions in person during the TTAB proceedings and to obtain transcripts of the depositions.[1]   (Resp at 6.) Mr. Bertini chose not to attend the depositions "of my own volition" (Mot. at 5) because he would not agree to the stipulations for confidentiality governing the taking of the depositions entered into by lead counsel for the consolidated cases before the TTAB.   (*Id.*) (*See* Fed. R. Civ. P. 29, "a deposition may be taken before any person, at any time or place, on any notice, and in the manner specified . . .").

Now Mr. Bertini is attempting to gain access to the transcripts of the eschewed depositions, which have been marked both confidential and highly confidential in the TTAB matter, without the concomitant obligation to abide by the confidentiality provisions to which the parties involved in taking the depositions stipulated in the TTAB matter.   Such an end-run is not only improper; it would also violate the confidentiality provisions in the TTAB case.

---

[1] This court believes, based on statements in the briefing, that the TTAB matter is ongoing.

This court is confident that a procedure to challenge confidentiality designations exists in the TTAB case; to the extent Mr. Bertini believes certain confidentiality designations are improper, the remedy is to use the TTAB procedure, to which Plaintiff herein is a party, to challenge the designations.   Contrary to the argument of Plaintiff, the federal discovery rules do not require producing parties to violate court orders or confidentiality stipulations in other cases.

Further, Plaintiff is free to take his own depositions of each of the Defendants, including a Rule 30(b)(6) deposition of the corporate Defendant, in this case without the confidentiality stipulations agreed to by other counsel in the TTAB matter.   Plaintiff argues that "[i]t would truly be a hardship and completely unnecessary for Plaintiff to reproduce these transcripts as it would mean closing our business for a week, flying to Los Angeles and hiring a stenographer, not to mention the burden it would create on Defendants themselves." (Mot at 7)   The court wholly disagrees.   This is precisely the path which Plaintiff and its counsel have chosen to take.   Rather than participate in depositions of the defendants and members of their household when they were available in the TTAB matter, albeit subject to stipulations with which Mr. Bertini disagreed, Plaintiff has elected to not attend the depositions during the TTAB matter and to instead take the depositions in this case unhampered by the stipulations of lead counsel in the TTAB matter.   This court will honor that voluntary election.

As to document production, to the extent Defendants are producing documents which they originally received with a marking of "confidential" or "highly confidential" the court will not require the Defendants to alter the document by removing the designation on the document.[2]

_____

[2] While it is unclear, it appears that production of this kind of material is being withheld based on

3

There is no Protective Order entered in this case, so at this stage of the proceedings there is no

danger of confusion about whether a confidentiality marking is a part of this case or was part of the

proceedings in another case.   To the extent a Protective Order is entered in this case, such

potential confusion can be assuaged by using unique confidentiality markings in this case, such as

"917 Confidential" or other case number related markings.   On the other hand, to the extent

Defendants are producing documents which they or their attorneys labeled confidential in another

proceeding,[3] Defendants shall remove such designations prior to production to Plaintiff in this

case.   In the absence of a Protective Order or stipulation, it would be improper to label any

document as being protected by a confidentiality provision in this case.

---

the confidentiality agreement in the TTAB matter.

[3] The court recognizes that Defendants may have marked a document as confidential in the TTAB matter but yet be willing to produce the document to Plaintiff in this case without a Protective Order in place.   The two positions are not inconsistent given that different counsel appear for Defendants in the two cases and the TTAB case is a consolidated matter and therefore implicates other parties.

4

Therefore it is **ORDERED**

"Plaintiff Denver Urban Homesteading, LLC's Motion to Compel Defendants to Respond to Discovery" [Doc. No. 26] is **GRANTED in part and DENIED in part**.   The motion is granted in that Defendants shall remove confidentiality designations from documents which they marked as confidential and produced in the TTAB matter and shall produce said documents to Plaintiff in this case in unmarked form.   The motion is denied in all other respects.

Dated this 17th day of December, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge