**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  13-cv-00917-REB-KMT

DENVER URBAN HOMESTEADING, LLC,

    Plaintiff,

v.

DERVAES INSTITUTE,
JULES DERVAES, and
MIGNON RUBIO DERVAES,

    Defendants.

**ORDER RE: OBJECTIONS TO RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#49],[1] filed February 28, 2014; (2) **Defendants' Partial Objection to the Magistrate Judge's Proposed Findings and Recommendations on Motion To Dismiss** [#55], filed March 14, 2014; and (3) **Plaintiff's Objections to Magistrate's Findings and Recommendations** [#56], filed March 14, 2014.  I overrule plaintiff's objections and approve and adopt the recommendation insofar as it recommends dismissing the Seventh, Eighth, and Ninth Claims for Relief asserted in the Complaint. However, I sustain defendants' objections to the extent they acknowledge that, in light of the dismissal of those three claims, the court lacks personal jurisdiction over the

---

[1] "[#49]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

remaining claims in this lawsuit.  I therefore grant the motion dismiss for lack of personal jurisdiction.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, objections, and applicable caselaw.  The recommendation is detailed and well-reasoned.  I agree with the magistrate judge that plaintiff's claims for intentional interference with contractual/business relations and interference with prospective business/economic advantage are barred by limitations.  *See* §13-80-102(1)(a).[2]  I am no more persuaded than was the magistrate judge by plaintiff's suggestion that the continuing violation doctrine should apply to the facts or circumstances of this case.

Moreover, I decline plaintiff's invitation to construe these claims to assert fraudulent misrepresentation, rather than invoking the plainly designated legal theories clearly advanced in the complaint.  Plaintiff is not representing itself *pro se*,[3] and I thus am neither required nor inclined to liberally construe its filings such as might require consideration of the additional allegations of fraud set forth in its objections.[4]

---

[2]  I note that plaintiff is correct that its Seventh Claim for Relief states a claim for permanent injunction, rather than a substantive claim of interference, as suggested by the magistrate judge. Nevertheless, this "claim" falls along with the proper dismissal of the substantive Eighth and Ninth Claims for Relief, alleging interference with plaintiff's Facebook page, to which it is inextricably tied.

[3]  Nor could it.  *See Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556–57 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se.").  *See also* **D.C.COLO.LAttyR** 5(b) (when withdrawing from representation of a corporate client, attorney must provide notice "that such entity may not appear without counsel admitted to the bar of this court").

[4]  Plaintiff's previously filed motion to amend the complaint does not address or include any of the factual allegations made in its objection.  Nor can its inclusion of these allegations in its objections properly constitute a motion to further amend the complaint.  *See* **D.C.COLO.LCivR** 7.1(d)("A motion shall not be

Accordingly, I approve and adopt the magistrate judge's recommendation insofar as it recommends that the Seventh, Eighth, and Ninth Claims for Relief be dismissed for lack of personal jurisdiction.

All remaining claims in this lawsuit implicate plaintiff's allegations that defendants committed fraud on the Patent and Trademark Office ("PTO"). Yet this was not the basis on which plaintiff suggested – nor on which the magistrate judge found – that personal jurisdiction over defendants in this forum was proper. Instead, both plaintiff and the magistrate judge relied entirely on the Tenth Circuit's decision in ***Dudnikov v. Chalk & Vermilion Fine Arts, Inc.***, 514 F.3d 1063 (10th Cir. 2008), in concluding that defendants were subject to specific jurisdiction based on their alleged interference with plaintiff's social networking presence.

However, plaintiff has never argued nor attempted to establish that defendants are subject to personal jurisdiction based on their alleged dealings with the PTO.[5] The court is thus presented with the question whether to assume pendant personal jurisdiction over defendants as to the PTO claims:

> Pendent personal jurisdiction, like its better known cousin, supplemental subject matter jurisdiction, exists when a court possesses personal jurisdiction over a defendant for one claim, lacks an independent basis for personal jurisdiction over the defendant for another claim that arises out of the same nucleus of operative fact, and then, because it possesses personal jurisdiction over the first claim, asserts

---

included in a response or reply to the original motion. A motion shall be made in a separate document."). In any event, the deadline for amendment of pleadings in this matter is long past (***see* Civil Scheduling Order** ¶ 9(a) at 6 [#24], filed July 10, 2013), and plaintiff's objections do not argue, much less establish, that good cause exists to permit amendment at this late date.

[5] In addition, plaintiff has never argued that defendants are subject to general jurisdiction in Colorado.

>personal jurisdiction over the second claim. In essence, once a district court has personal jurisdiction over a defendant for one claim, it may "piggyback" onto that claim other claims over which it lacks independent personal jurisdiction, provided that all the claims arise from the same facts as the claim over which it has proper personal jurisdiction.

*United States v. Botefuhr*, 309 F.3d 1263, 1272 (10th Cir. 2002) (internal citations omitted).

The problem here is that plaintiff's remaining claims do not arise out of this same nucleus of operative facts as those claims that are properly dismissed on limitations.[6] Plaintiff insists that its Sixth Claim for Relief, seeking a declaration of noninfringement, is sufficiently tied to the jurisdictional allegations presented in response to the motion to dismiss to warrant the assumption of pendant personal jurisdiction over these remaining claims. (*See* **Plaintiff's Response to Defendants' Objections to the Magistrate's Findings and Recommendations** [#63], filed March 25, 2014.) I am not persuaded. Not only was this argument not advanced as a possible or alternative basis for personal jurisdiction in response to the original motion to dismiss, but the complaint itself specifically ties this claim to the Lanham Act claims asserted previously to it, *not* to the claims alleging interference with plaintiff's business relationships via Facebook. (*See* **Complaint** ¶ 122 at 19 [#1], filed April 10, 2013.)

---

[6] Even if they had, the dismissal of those claims makes it patently clear that there is no longer basis for assuming personal jurisdiction over defendants in this forum. Although the court has discretion to retain such claims, the better practice in all but the most extraordinary of cases is to dismiss the claims over which the court lacks an independent basis for personal jurisdiction. *See Botefuhr*, 309 F.3d at 1273-74.

More importantly, however, it is *defendants*' contacts with this state that are relevant to personal jurisdiction. *Plaintiff's* putatively infringing use of the mark in Colorado does not suggest that defendants – simply by seeking vindication of their alleged rights in the mark – purposefully availed themselves of the laws and privileges of this forum. **See SIBU, Inc. v. Bubbles, Inc.**, 2011 WL 6028835 at *4 (D. Utah. Dec. 5, 2011) (defendant's action to cancel plaintiff's marks in the PTO did not establish nexus to forum state: "If the cancellation action could be a nexus, Bubbles would be subjected to jurisdiction in Utah by SIBU's actions in adopting its marks. This would shift control of jurisdiction from the defendant."); **Impact Productions, Inc. v. Impact Productions, LLC**, 341 F.Supp.2d 1186, 1190 (D. Colo. 2004) ("As a general rule, . . . a defendant's reasonable, good faith actions to protect its alleged rights, including transmittal of cease and desist letters and litigation efforts against a forum resident, do not constitute 'express aiming' at the forum sufficient to establish the constitutionally required minimum contacts with the forum."). The mere fortuity that plaintiff is located in the forum has never been sufficient to support the assumption of personal jurisdiction over a non-resident defendant. **See Floyd's 99 Holdings, LLC v. Jude's Barbershop, Inc.**, 898 F.Supp.2d 1202, 1208-09 (D. Colo. 2012) (citing, *inter alia*, **Allison v. Wise**, 621 F.Supp.2d 1114, 1121 (D. Colo. 2007)). I therefore will reject the magistrate judge's recommendation insofar as it implicitly suggests that personal jurisdiction – original or pendant – exists as to these claims.

I thus find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate

judge should be approved and adopted insofar as it is recommended that plaintiff's Seventh, Eighth, and Ninth Claims for Relief be dismissed as barred by limitations. On the other hand, I respectfully reject the magistrate judge's recommendation to deny defendants' motion to dismiss for lack of personal jurisdiction over them in this forum.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#49], filed February 28, 2014, is **APPROVED AND ADOPTED IN PART** and respectfully **REJECTED IN PART**, as follows:

   a. That the recommendation is **APPROVED AND ADOPTED** insofar as it recommends that the Seventh, Eighth, and Ninth Claims for Relief asserted in the **Complaint** [#1], filed April 10, 2013, be dismissed; and

   b. That the recommendation respectfully is **REJECTED** insofar as it implicitly recommends that the court assume personal jurisdiction over the remaining claims in this lawsuit;

2. That the objections stated in **Defendants' Partial Objection to the Magistrate Judge's Proposed Findings and Recommendations on Motion To Dismiss** [#55], filed March 14, 2014, are **SUSTAINED**;

3. That the objections stated in **Plaintiff's Objections to Magistrate's Findings and Recommendations** [#56], filed March 14, 2014, are **OVERRULED**;

4. That **Defendants' Motion To Dismiss or, in the Alternative, Motion To Transfer Venue for Inconvenient Forum** [#13], filed May 28, 2013, is **GRANTED** insofar as it seeks dismissal;

5. That plaintiff's Seventh, Eighth, and Ninth Claims for Relief are **DISMISSED WITH PREJUDICE** as barred by limitations;

6. That plaintiff's First, Second, Third, Fourth, Fifth, and Sixth Claims for Relief are **DISMISSED WITHOUT PREJUDICE**

7. That judgment **SHALL ENTER** on behalf of defendants, Dervaes Institute, Jules Dervaes, and Mignon Rubio Dervaes, d against plaintiff, Denver Urban Homesteading, LLC, as follows:

    a. That judgment **with prejudice** shall enter as to plaintiff's Seventh, Eighth, and Ninth Claims for Relief; and

    b. That judgment **without prejudice** shall enter as to plaintiff's First, Second, Third, Fourth, Fifth, and Sixth Claims for Relief;

8. That all currently pending motions are **DENIED AS MOOT**;

9. That all pretrial deadlines and hearings, including the Trial Preparation Conference scheduled for May 15, 2014, at 2:30 p.m., and the trial scheduled to commence on June 2, 2014, are **VACATED**; and

10. That defendants are **AWARDED** their costs, to be taxed by the clerk of the court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated March 26, 2014, at Denver, Colorado.

                                      **BY THE COURT:**

                                      */s/ Robert E. Blackburn*
                                      Robert E. Blackburn
                                      United States District Judge